# H. L. SORKNES v. BOARD OF COUNTY COMMISSIONERS OF LAC QUI PARLE COUNTY.[1] *

November 5, 1915.

Nos. 19,448—(106).

**School district — appeal from order of county board.**

1. Upon a statutory appeal to the district court from an order of the county board detaching land from one school district and attaching it to another, the act of the county board being legislative in character, the court will limit its inquiry to the question whether the act of the board was arbitrary or fraudulent or oppressive and such as to work manifest injustice, and will not review the legislative judgment and discretion committed to the board.

**Same — allegations of petition for transfer to another district.**

2. Upon such appeal the petition to the board need not be drawn with the formality of a pleading; and, if sufficient to put before the board facts upon which it can base an investigation and determination as to the propriety of the detachment, it is sufficient.

**Appeal and error — petition sufficient.**

3. The county board having detached land from one district and attached it to another, and a freeholder having appealed to the district court, which reversed the order of the county board, upon the ground that the allegations of the petition were insufficient, it is *held*, upon the appeal of the petitioner to this court, that the petition was sufficient to justify the board in hearing it, and making the order, though the complaint in the petition was in substance that the taxes were exorbitant and confiscatory.

Lewis I. Husebo, a freeholder of School District No. 74, petitioned the board of county commissioners of Lac qui Parle county to be set off from that school district and attached to District No. 94, because the taxes in the former district were so high as to be confiscatory. The petition was granted. From the order granting the petition, after a rehearing in compliance with a writ of mandamus issued from the dis-

[1] Reported in 154 N. W. 669.

Note.—As to power of court to control legislative power to annex territory to municipalities, see note in 27 L.R.A. 739.

trict court for Lac qui Parle county, H. L. Sorknes, a member and president of the school board of the Independent School District of Madison, appealed to the district court of that county. The appeal was heard before Daly, J., who granted a motion to reverse the order of the board. From the judgment entered pursuant to the order for judgment, Lewis I. Husebo appealed. Reversed.

*T. J. McElligott,* for appellant.

*A. W. Ewing* and *H. L. Sorknes,* for respondent.

DIBELL, C.

The appellant Husebo presented a petition to the board of county commissioners of Lac qui Parle county, asking that certain lands owned by him be detached from one school district and attached to another. His petition was granted and an order made accordingly. The respondent Sorknes, a freeholder of the district from which appellant was detached, appealed to the district court. On the appeal the order of the board of county commissioners was reversed and judgment entered affirming it. This appeal is from such judgment.

1. An appeal to the district court is authorized by Laws 1915, p. 146, c. 113, enacted subsequent to the order from which the appeal is taken. It is conceded, on the authority of Oppegaard v. Board of Co. Commrs. of Renville County, 110 Minn. 300, 125 N. W. 504, 25 L.R.A. (N.S.) 1244, that the statute authorizing the appeal is retroactive. The 1915 statute makes applicable the provisions of G. S. 1913, § 2676 (R. L. 1905, § 1285), which have to do with the organization of school districts, and the grounds of appeal are these:

"1. That the county board has no jurisdiction to act.

"2. That it has exceeded its jurisdiction.

"3. That its action is against the best interests of the territory affected."

The appeal in this proceeding alleges the second and third grounds.

The act of detaching land from one district and attaching it to another is of course legislative in character. True enough it involves judgment and discretion; but it is legislative judgment and discretion not subject to judicial review. In reviewing the action of the county board, upon a statutory appeal such as this, the district court limits its inquiry,

as does this court, to a consideration of whether the county board proceeded arbitrarily or fraudulently or oppressively without keeping the best interests of the territory in view and so as to work manifest injustice. It will not disturb the honest judgment of the board or determine the legislative question committed to it. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. The same rule of review is adopted in Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, which involved an appeal questioning the propriety of the exercise of the police power by a town board in denying a license. And the same principle is involved when it is sought to contest the action of a common council in the legislative act of determining upon the making of public improvements. Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L.R.A. 448..

2. By G. S. 1913, §2704 (R. L. 1905, §1301), it is provided that one may petition the board of county commissioners that his land be detached from one school district and attached to an adjoining one, giving "his reasons for asking such change;" and the board upon a prescribed notice and hearing, and upon proof of the allegations of the petitioner, may grant it. The appellant, owning some 240 acres, gave as his reasons the following: "The taxes are so enormously high in said district No. 74 that they are confiscatory, being for 1912 $227.51 of which $161.78 is school taxes."

The board granted the petition. The trial court declined to receive evidence upon the appeal, upon the ground that the board of county commissioners could not grant the appellant's petition for the reasons assigned in it, and reversed the order of the board granting the petition.

The petition is not a pleading. Its purpose is satisfied if it sufficiently puts before the board the question which it is to determine. It is true that a statement that the taxes were exorbitant and confiscatory lacks definiteness; but we are not considering a pleading. If sufficient to enable the board to make a proper inquiry and those interested to urge their claims, it is sufficient.

3. The statement of the petition was sufficient to permit an investigation by the county board of the amount of taxes that the appellant was paying, his situation with reference to the two districts, and whether it was fair to him and to the others to detach him from the one and put

131 M.—6.

him in the other. The county board, as we all know, proceeds informally in its hearings. It is a popular legislative body before whom one interested may appear without the aid of counsel and without a formal petition of technical accuracy. Its orders, made within its conceded jurisdiction, should be held valid as against objections which are not clearly substantial.

We are of the opinion that the trial court erred in holding that, under. the allegation of the petition, the appellant could not show himself entitled to the relief which the board gave him, and in reversing the order of the board.

Judgment reversed.