# IN RE APPEAL OF HARM FROEHLING AND OTHERS.

## HARM FROEHLING AND OTHERS v. INDEPENDENT SCHOOL DISTRICT NO. 20 OF ST. JAMES.[1]

April 12, 1918.

No. 20,829.

**Formation of school district — appeal from denial of petition by county board.**

1. Where the county board denies a petition to form a new school

[1] Reported in 167 N. W. 108.

district on the sole ground that its formation would be against the best interests of the territory affected, the district court, on appeal, must affirm the order of the board unless the evidence justifies a finding that its action was arbitrary, oppressive or fraudulent. Farrell v. County of Sibley, 135 Minn. 439. The evidence examined and *held* not to justify a finding to that effect.

**Same — refusal to make specific findings not reversible error.**

2. It was not reversible error to refuse to make specific findings upon the issue presented by the appeal.

From an order of the board of county commissioners of Watonwan county, denying a petition for the formation of a new school district by detaching parts of four existing districts, Harm Froehling and others appealed to the district court for that county on the ground that the action of the board was against the best interests of the territory affected. The appeal was heard before Dean, judge of the Seventeenth judicial district, acting for the judge of the Sixth judicial district, who affirmed the order of the board. From an order denying their motion for a new trial and refusing to make findings of fact, Harm Froehling and others appealed. Affirmed.

*S. B. Wilson,* for appellants.

*Albert Running* and *Edward H. Farmer,* for respondent.

PER CURIAM.

A petition for the formation of a new school district, by detaching parts of 4 existing districts in Watonwan county, was heard and denied on the merits by the board of county commissioners of that county. Upon appeal to the district court the action of the board was affirmed. The petitioners appeal to this court from the order denying a new trial.

The sole issue presented to the district court by the notice of appeal was that the action of the board in denying the petition was against the best interests of the territory affected. The creation of a new school district is a purely legislative function which cannot be delegated to courts. It has been placed in the hands of the board of county commissioners, and its decision as to whether or not the formation of a new district would be for or against the best interests of the territory affected is final, unless its action be arbitrary, oppressive, unreasonable or fraudulent. The

district court, on appeal, could not try the issue of the advisability of the formation of a new school district *de novo,* but was limited to a consideration of whether in denying the petition the board acted arbitrarily, oppressively, unreasonably or fraudulently. We have examined the evidence attentively and conclude that it would not have justified a finding that the board so acted. The appeal is ruled by Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152, and the cases therein cited.

The point made by appellants that they were entitled to specific findings and not merely to an order affirming the action of the board is of no merit. No pleadings are required on the trial of appeals of this sort. Farrell v. County of Sibley, supra. The sole issue to be tried was the one above indicated, and, as stated, upon that issue the evidence would not warrant a finding in appellants' favor. In that situation nothing could be gained by specific findings. Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791.

Order affirmed.