## IN RE ENLARGEMENT OF INDEPENDENT SCHOOL DISTRICT OF GRANITE FALLS..

## CHARLES F. HALL v. BOARD OF COUNTY COMMISSIONERS OF CHIPPEWA COUNTY.[1]

April 26, 1918.

No. 20,765.

**Enlargement of school district — review of order on appeal.**

1. The determination of the county board in a proceeding under the statute for the enlargement of a school district is legislative in character, not judicial. Its discretion is not reviewable as a judicial question upon the appeal to the district court given by the statute, nor is there a trial de novo of the legislative question committed to it. The inquiry is whether its determination was arbitrary or fraudulent or oppressive or in unreasonable disregard of the best interests of the territory affected or such as to work manifest injustice.

**Same — finding sustained.**

2. The conclusion of the trial court that the action of the defendant county board was not arbitrary or fraudulent or oppressive, etc., is sustained.

From an order of the board of county commissioners of Chippewa county, denying a petition for the enlargement of Independent School District of Granite Falls, Charles F. Hall, a member of the school board, appealed to the district court for that county, on the ground that the action of the board was against the best interests of the territory affected. The appeal was heard before Qvale, J., and a jury which returned a negative answer to the question whether the proposed enlargement of the school district would be conducive to the good of the inhabitants of the territory affected. The court made findings and ordered judgment affirming the order of the county board. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Bert O. Loe* and *J. M. Freeman,* for appellant.

*A. E. Kief* and *C. A. Fosnes,* for respondent.

[1]Reported in 167 N. W. 358.

DIBELL, C.

This is a proceeding under G. S. 1913, § 2677, to enlarge the independent school district of Granite Falls in Yellow Medicine county by adding territory in Chippewa county. The county board of Yellow Medicine granted the petition and the county board of Chippewa denied it. On appeal to the district court, pursuant to G. S. 1913, § 2676, the action of the Chippewa county board was sustained and judgment was rendered accordingly. This appeal followed.

1. There is cast upon the county board the duty of determining the propriety of an enlargement of a school district. It exercises its discretion. Its discretion is legislative, not judicial. On appeal to the district court its determination is not reviewable as a judicial question nor is there a trial de novo of the legislative question committed to it. The inquiry is whether the determination of the county board was arbitrary or fraudulent or oppressive or in unreasonable disregard of the best interests of the territory affected or such as to work manifest injustice. Counsel concede such to be the law and the authorities are in entire unanimity. Froehling v. Independent School District No. 20 of St. James, supra, page 71, 167 N. W. 108; Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152; School District No. 36 v. School District No. 31, 134 Minn. 82, 158 N. W. 729; Sorknes v. Board of Co. Commrs. of Lac qui Parle County, 131 Minn. 79, 154 N. W. 669; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. And see Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077, and cases cited; Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095, and cases cited.

2. The court finds that the county board "when rejecting said petition did not proceed arbitrarily, fraudulently nor oppressively without keeping the best interests of the territory affected in view, neither did their action in rejecting said petition in any manner work manifest injustice." The question is whether the finding is sustained.

That portion of the city of Granite Falls west of the Minnesota river is in Yellow Medicine county and the portion east of the river is in Chippewa county. The Independent School District of Granite Falls includes the portion of the city west of the river. It was the purpose of the proceeding to annex the portion of the city east of the river and

certain other territory. The record is of considerable length and the questions involved were thoroughly tried. The evidence furnishes arguments for and against the advisability of the annexation. We have carefully examined it. A rehearsal of it would not be useful. Upon an attentive consideration of it in connection with the arguments of counsel we are brought to the conclusion that the finding of the trial court is fully sustained.

Judgment affirmed.