## THEODORE KRAMER v. COUNTY OF RENVILLE AND ANOTHER.[1]

November 21, 1919.

No. 21,501.

**School district — annexation of territory by county board.**

1. The proviso added as an amendment to section 1286, R. L. 1905, authorizes the board of county commissioners to attach the territory of an adjoining school district to a school district having a borough, village or city of not more than 7,000 inhabitants wholly or partly within its boundaries, on the petition of a majority of the legal voters of the latter district, if it deems such annexation "conducive to the good of the inhabitants of the territory affected."

**Same — statute constitutional.**

2. School districts are governmental agencies wholly under the control of the legislature, and the statute does not infringe any rights secured by the Constitution.

After the former appeal reported in 141 Minn. 300, 170 N. W. 216, the case was tried before Daly, J., who made findings and confirmed the action of the county board. From an order denying their motion to amend the findings, conclusions of law and order for judgment, or for a new trial, plaintiffs appealed. Affirmed.

*Murray & Baker* and *P. W. Morrison,* for appellants.

*J. M. Freeman,* for respondents.

TAYLOR, C.

This is the second appeal in this proceeding. On the first appeal the cause was remanded for a new trial. Common School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216. As a result of

[1] Reported in 175 N. W. 101.

the second trial, the order of the board of county commissioners enlarging Independent School District No. 79 of Renville County by attaching thereto the adjoining territory theretofore organized as Common School District No. 85, was affirmed.

It is contended on this appeal that in order to give the board authority to enlarge district No. 79, by incorporating therein the territory of district No. 85, the petition therefor must be signed by a majority of the freeholders of both districts who are qualified to vote at school meetings; and, as the petition in question is signed only by legal voters residing within district No. 79, that the board was without jurisdiction and its action of no force or effect.

Section 1286, R. L. 1905, provided that upon petition of "a majority of the freeholders of each district affected, qualified to vote at school meetings, the boundaries of any existing district may be changed, or two or more districts consolidated, or one or more districts annexed to an existing district." This statute clearly required a petition signed by a majority of the qualified petitioners of each district. This statute, however, was subsequently amended by adding a proviso at the end thereof, which, among other things, authorized the board of county commissioners to enlarge any school district which included "within its boundaries part or the whole of any incorporated borough, village or city of seven thousand inhabitants or less" by attaching thereto "lands within and outside of such incorporated borough, city or village, but * * * contiguous to said district" on the petition of "a majority of the legal voters residing within such school district." The amendment, as the latest expression of the legislative will, must be given effect, and is controlling in proceedings brought under it, if the prescribed conditions exist; and, as to such proceedings, supersedes the original act insofar as the two are inconsistent. As stated on the former appeal, the amendment authorizes the enlargement of a school district having within its boundaries an incorporated borough, village or city of not more than 7,000 inhabitants, "on a petition of a majority of its own legal voters," regardless of whether such petition is or is not signed or concurred in by the residents of the other districts affected. It has already been determined that the territory added, if contiguous to the district, may lie wholly outside the incorporated borough, village or city. School Dis-

trict No. 36 v. School District No. 31, 130 Minn. 25, 153 N. W. 253. The statute contains no provision limiting the quantity or territorial extent of the lands which may be added, and we find nothing therein which we can construe as forbidding the annexation of an entire district, in case the board shall find such annexation "conducive to the good of the inhabitants of the territory affected."

It is further contended that the statute infringes the rights secured to citizens of the state by section 2 of article 1 of the state Constitution and section 1 of the Fourteenth Amendment to the Federal Constitution, in that it authorizes a school district having a borough, village or city. wholly or partly within its boundaries, to annex an adjoining district without the consent of the latter.

The school districts of the state are governmental agencies established by legislative authority to perform the public duty of educating the children of the state. The powers given them are granted solely for the purpose of enabling them to perform this public duty. As governmental agencies they are always under the control of the legislature which may modify or abrogate their powers and privileges to any extent that it may see fit. Their boundaries or territorial jurisdictions may be enlarged, diminished or abolished in such manner and through such instrumentalities as the legislature may prescribe. 24 R. C. L. 562, sections 6 and 7, and numerous cases there cited; City of Winona v. School District No. 82, 40 Minn. 13, 41 N. W. 539, 3 L.R.A. 46, 12 Am. St. 687; Charles Bank v. Brainerd School District, 49 Minn. 106, 51 N. W. 814; Associated Schools v. School District No. 83, 122 Minn. 254, 142 N. W. 325, 47 L.R.A.(N.S.) 200; Common School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216.

The constitutional provisions cited do not apply to governmental agencies nor restrict the power of the legislature over such agencies. Neither is section 33 of article 4 of the Constitution infringed by this statute, for it is a general law applicable to all districts having a borough, village or city of not more than 7,000 inhabitants partly or wholly within its boundaries.

Order affirmed.