GEORGE PAULSON AND ANOTHER v. BOARD OF COUNTY COMMISSIONERS OF YELLOW MEDICINE COUNTY.

WILLIAM BOULTON AND ANOTHER v. BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY.[1]

October 8, 1920.

No. 21,899.

**Enlargement of school district — finding sustained.**

On appeal in proceedings under G. S. 1913, § 2677, for the enlargement of a school district, *held* that the evidence sustains a finding of

[1] Reported in 179 N. W. 217.

the trial court that the county boards did not act arbitrarily or op-
pressively, and that the enlargement of the district was conducive
to the good of the public.

From an order of the county board of Yellow Medicine county, grant-
ing a petition for the enlargement of Independent School District No.
83, Yellow Medicine county, George Paulson and others appealed to the
district court for that county. From an order of the county board of
Lincoln county of similar import, William Boulton and another appealed
to the district court of the latter county. The appeals were heard to-
gether before Clague, J., who made findings and affirmed the respective
orders of the county boards in respect to the territory described in the
first paragraph of the opinion. From the judgment entered pursuant to
the order for judgment, appellants appealed. Affirmed.

*James H. Hall,* for appellants.

*L. P. Johnson* and *Paul D. Stratton,* for respondents.


QUINN, J.

Proceedings under the provisions of section 2677, G. S. 1913, for the
enlargement of school district No. 83, Yellow Medicine county, by in-
cluding therein and attaching thereto the following adjacent territory:
All of school district No. 34 in Yellow Medicine county, consisting of sec-
tions 19, 20, 21, 28, 29 and 30, in township 114, range 44, and a part of
school district No. 47 in the same county, consisting of all of section 22,
the west half, the southeast quarter and the west half of the northeast
quarter of section 27, and the east half of section 34, in township 114,
range 44. Also a part of school district No. 6 in Lincoln county, con-
sisting of the west half of sections 3, 10 and 15 in township 113, range
44, and a part of school district No. 34 in Lincoln county, consisting of all
of sections 4, 5, 9, 16, and the north half of section 6 in township 113,
range 44.

The proceedings were in all things regular, and after due hearing be-
fore the county boards of Yellow Medicine and Lincoln counties sitting
together, the prayer of the petition was granted. The county board of
Yellow Medicine county made its order granting the petition and en-
larging the district by attaching thereto the territory in Yellow Medicine

county above described, and also the southwest quarter of section 35, which was not described in the petition, which order was concurred in by the county board of Lincoln county. The county board of Lincoln county also made its order granting the said petition and enlarging school district No. 83, by attaching thereto the territory in Lincoln county above described, which order was concurred in by the county board of Yellow Medicine county. Appeals were taken from both orders to the district court, where they were tried together before the court without a jury, and findings were made and judgment entered eliminating the southwest quarter of section 35 from the territory attached, and affirming in all other things the action of the county boards. The trial court found as matters of fact that the county boards had jurisdiction of the proceedings and did not act fraudulently, arbitrarily or oppressively, and that the enlargement of said district was conducive to the good of the inhabitants and to the educational advantages of the children therein. From the judgment so entered this appeal was taken.

School district No. 83 includes within its boundaries the incorporated village of Porter, which has about 250 inhabitants and a semi-graded school. The territory sought to be annexed lies contiguous to the village. The only contention urged by appellants upon this appeal is that the order of the county boards attaching such territory to district No. 83, was arbitrary, oppressive and unreasonable and that the trial court was in error in not so finding under the proofs in the case. We are unable to concur in this contention. The testimony before the trial court was not such as to warrant it in interfering with the decision of the county boards further than to eliminate the southwest quarter of section 35 from the territory attached to the school district. It has been uniformly held by this court that the determination of the county boards in such proceeding will be interfered with by the courts only where the order is based on an erroneous theory of law, or when it clearly and manifestly appears that the decision is arbitrary, unreasonable and unjust, or against the best interests of the public. Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Common School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216. The change was recommended by the superintendent of schools of each county and determined upon by

the county boards sitting together. The showing is not such as to require an interference by the courts in the premises.

Judgment affirmed.