## IN THE MATTER OF THE PETITION FOR THE ENLARGEMENT OF INDEPENDENT SCHOOL DISTRICT NO 43 OF YELLOW MEDICINE COUNTY.
## GEORGE B. SEVERTS v. THE COUNTY OF YELLOW MEDICINE.[1]

March 11, 1921.

No. 22,083.

**Enlargement of village school district.**

1. The statute providing for the enlargement of a village school district, so as to include lands without the village but contiguous to said district, merely requires that the acquired lands taken in connection with the original district shall form one contiguous block of land.

**County board may fix other boundaries than those asked in petition.**

2. The order of the county board enlarging such a district may fix boundaries of the districts affected in a manner different from that asked for in the petition.

**Appeal to court from action of board—what reviewable.**

3. The action of the board is legislative, not judicial, and the question on appeal to the courts is whether the determination of the board was based upon an erroneous theory of law or was arbitrary or in unreasonable disregard of the best interests of the territory affected. The proof offered in this case was not sufficient to sustain a decision vacating the order of the county board.

From an order of the board of county commissioners of Yellow Medicine county granting a petition for the enlargement of School District No. 43 of that county, George B. Severts, a resident and taxpayer of that district, appealed to the district court for that county. The appeal was heard by Daly, J., who confirmed the action of the county board.

[1]Reported in 181 N. W. 919.
148 M.—21.

From an order denying his motion for a new trial, George B. Severts appealed. Affirmed.

*Ole Hartwick* and *C. A. Fosnes,* for appellant.

*Paul D. Stratton* and *Bert O. Loe,* for respondents.

HALLAM, J.

In March, 1920, a majority of the legal voters of school district Number 43, which includes the village of Clarkfield, in Yellow Medicine county, acting under G. S. 1913, § 2677, petitioned the county board of said county, that said district be enlarged by including within its limits, all of school districts Numbers 33, 60, 87 and 88; also three sections (34, 35, 36) of district Number 26; one quarter section of district Number 28; one quarter section of district Number 29; all of district Number 85, except one quarter section.

A hearing was had and the board ordered that district Number 43 be enlarged in accordance with the prayer of said petition except that one quarter section of district 33 covered by the petition was ordered attached to district 26; the quarter section in district 85 which was omitted from the petition was ordered attached to district 29.

Appellant, a resident and taxpayer of district 88, appealed to the district court. On the trial his counsel made an offer of proof which may be summarized as follows:

District Number 88 contains 5½ sections of land inhabited by 13 families and 22 children of school age; the school house is adequate, well-equipped and conducted and conveniently located; competent teachers have been employed and school maintained for 7 months in the year and a high average of scholarship maintained; every voter and taxpayer of the district is against the petition; taxes are already heavy and will be increased to a point thought to be unbearable; it is necessary in this district to keep some of the older pupils out of school in spring and fall and by reason thereof such pupils will be unable to keep up with their classes in the consolidated district; many of the roads in this district are in poor condition, and, for a time in spring, impassable for vehicle traffic; some of the homes are remote from the highways and children from such homes would be exposed to the inclemency of weather while

waiting for the school bus; it will be necessary for children from this district to cross a dangerous railroad crossing in going to Clarkfield to school.

The offer of proof of facts bearing especially on the other districts involved is similar, and adds nothing to the foregoing except in the case of district 26. As to that district the showing is that the present district contains 8¾ sections, 21 families and 11 school children. The order of the county board leaves it with 6 sections, 14 families and seven school children.

The court sustained an objection to the offered proof and ordered judgment sustaining the action of the county board. This appeal is from an order denying a motion for a new trial.

1. The first contention made is this: The statute provides for the enlargement of a village school district "so as to include lands within and outside of such * * * village, but contiguous to said district." G. S. 1913, § 2677. District 26 simply corners district 43. It is urged that this does not make it contiguous. If this were the only territory to be annexed, there would be force in this contention. See Kresin v. Mau, 15 Minn. 87 (116). The fact is, however, that the land annexed to district 43 consists of a large tract of land entirely surrounding that district, and all taken together and in connection with the original district, forms a compact and contiguous block of land. This satisfies the statute. It is not necessary that every district or governmental subdivision should be contiguous to the petitioning district.

2. The petition prayed for the annexation of all of district 33. The order annexed all but one quarter section of district 33 and attached that quarter to district 26.

The petition asked for the annexation of all of district 85, except one quarter and made no request as to the disposition of that quarter. The order annexed that quarter to district 29.

The contention is that the county board had no right to change the boundary of any district except as prayed for in the petition. The language of the statute answers this contention. It is that the board may "proceed to enlarge the said school district as asked for in the petition, and to fix the boundaries thereof, and all of the remaining school districts thereby affected, attaching to or detaching contiguous territory to

or from any of such districts, in such manner as in their judgment the best interests of the persons and districts thereby affected may require." G. S. 1913, § 2677.

This language gives ample authority for all the changes in boundaries that were made. The board, in the exercise of "their judgment" in fixing boundaries, is not limited to the alterations suggested in the petition.

3. The next contention is that the court erred in rejecting the offered proof and that, if this proof had been received, it would have been sufficient to sustain a finding that the granting of the petition was against the best interests of the territory affected, and to sustain a decision vacating the order of the county board.

It was held in Hall v. Board of Co. Commrs. of Chippewa County, 140 Minn. 133, 167 N. W. 358, and in Kramer v. County of Renville, 141 Minn. 300, 170 N. W. 216, citing former decisions, that the county board, in determining the propriety of enlarging a school district, exercises a discretion that is legislative, not judicial, and that, on appeal to the district court, the determination of the board is not reviewed as a judicial decision but as legislative action, and that the inquiry on appeal is whether the determination of the county board was based upon an erroneous theory of law or was arbitrary or fraudulent or oppressive, or in unreasonable disregard of the best interests of the territory affected. In Kramer v. County of Renville, supra, a decision of the trial court vacating the order of the county board was reversed. While the conclusions drawn from the facts were stated in somewhat different language, the proof of facts was substantially the same as the proof offered in this case

We find nothing in the offered proof that would distinguish this case from the Hall and Kramer cases. We are of the opinion that the offered proof was insufficient to sustain a decision vacating the order of the county board, and that there was no error in rejecting it.

Appellant argues with much force that the order of the county board in reducing district 26 from 8¾ sections to 6 sections would justify a finding that the order was not for the best interests of that district. It will be observed, however, that district 26 is still a half section larger than district 88 and appellant's case rests on the proposition that district 88 is aggrieved by a change.

Order affirmed.