## IN RE PETITION FOR ENLARGEMENT OF SCHOOL DISTRICT NO. 93 OF FREEBORN COUNTY.
## SCHOOL DISTRICTS NOS. 61, 67, 80, 40, AND 70 OF FREEBORN COUNTY ET AL. v. SCHOOL DISTRICT NO. 93 OF FREEBORN COUNTY ET AL.[1]

February 23, 1923.

No. 23,126.

Consolidation of school districts.

The provisions of section 2677, G. S. 1913, authorizing the consolidation or enlargement of school districts through the procedure therein provided, are not repealed or superseded by chapter 238, Laws of 1915, authorizing the consolidation of districts through a different procedure. So far as the two acts cover the same ground, the latter merely pro-

[1]Reported in 192 N. W. 345.

vides additional methods for consolidating such districts as come within its purview.

From an order of the county board of Freeborn county, granting a petition for the enlargement of School District No. 93 in that county, Common School Districts Numbers 61, 67, 80, 40 and 70 appealed to the district court for that county, upon the ground that the county board had no jurisdiction to act and its action was against the best interests of the territory affected. The appeal was heard by Catherwood, J., who affirmed the action of the county board. From the judgment entered pursuant to the order for judgment, appellants appealed. Affirmed.

*Norman E. Peterson*, for appellants.

*H. H. Dunn* and *L. H. Ostrander*, for respondents.

Taylor, C.

School District No. 93 of the county of Freeborn contains within its limits the incorporated village of Alden of about 500 inhabitants, and has a state high school. The board of county commissioners, acting under and pursuant to section 2677, G. S. 1913, enlarged this district by adding thereto and incorporating therein all of districts numbered 40, 61, 67 and 80 together with other territory. On appeal to the district court, the action of the county board was affirmed. A further appeal brings the matter before this court.

The appellants concede that all the requirements of section 2677 were complied with, but contend that the facts brought the case within the provisions of chapter 238 of the Laws of 1915 as amended, and that the county board had no jurisdiction over the proceedings for that reason. They contend that chapter 238, being the later act, abrogated and superseded section 2677 as to all proceedings which could be brought under chapter 238.

The first paragraph of section 2677 provides that, upon the petition of a majority of the freeholders of each district affected, qualified to vote at school meetings, the county board may change the boundaries of any existing district, or may consolidate two or more districts, or may annex one or more districts to an existing district. The second paragraph of this section provides that, upon the peti-

tion of a majority of the legal voters of a school district however organized, having within its boundaries the whole or part of any incorporated borough, village or city of 7,000 inhabitants or less, the county board may enlarge such district by including therein lands contiguous thereto whether within or outside such incorporated borough, village or city, and may fix the boundaries of the other districts thereby affected by attaching or detaching territory to or from any of such districts. Section 1 of chapter 238 provides:

"Two or more school districts of any kind may consolidate either by the formation of a new district or by the annexation of one or more districts or unorganized territory to an existing district in which is maintained a state graded, semi-graded, or high school."

Section 5 of chapter 238 provides:

"One or more school districts may be consolidated with an existing district in which is maintained a state high or graded, or semi-graded school in a district containing an incorporated village."

The procedure for forming a consolidated district under chapter 238 is set forth in detail therein. After the prescribed preliminary proceedings have been taken, the question whether the consolidated district shall be formed as proposed is determined by the voters at an election called for that purpose by the county superintendent. If the proceeding is under section 1, the qualified voters of all the districts affected have the right to vote thereon; if the proceeding is under section 5, only the qualified voters of the rural districts have the right to vote thereon. Proceedings under this chapter do not come within the jurisdiction of the county board; that board has nothing whatever to do with them.

The appellants do not claim that chapter 238 covers the entire field covered by section 2677, but claim that it is exclusive in the part of that field covered by it, and that the operation of section 2677 should now be confined to proceedings for changing the boundaries of, or enlarging, districts in those cases which do not involve the consolidation of two or more entire districts. We are unable to sustain this contention. Chapter 238 repeals certain specified sections of the general statutes and certain specified session laws,

and other acts and parts of acts inconsistent with it. It makes no reference to section 2677, and cannot operate to repeal any part of that section unless such part be inconsistent with it.

"Except when an act covers the entire subject matter of earlier legislation, is complete in itself and is evidently intended to supersede the prior legislation on the subject, it does not by implication repeal an earlier act on the same subject unless the two acts are so clearly inconsistent and repugnant that they cannot, by a fair and reasonable construction, be reconciled and effect given to both. To repeal a statute by implication, there must be such a positive repugnancy between the provisions of the new and the old that they cannot be reconciled and made to stand together. The rule of construction in respect to the repeal of statutes by implication is, that the earlier act remains in force, unless the two are manifestly inconsistent with and repugnant to each other, or unless in the later act express notice is taken of the former, plainly indicating an intention to abrogate it. As laws are presumed to be passed with deliberation, and with full knowledge of existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable." 25 R. C. L. 920 § 170, and cases cited. See also 3 Dunnell, Minn. Dig. § 8927, and cases cited.

"An act will not necessarily be repealed because some or all of its provisions are covered by a later act; for the later act may be merely cumulative or auxiliary." 25 R. C. L. 924, § 174, and cases cited.

Section 2677 provides the procedure for changing the boundaries of a school district; for consolidating two or more districts; for an nexing one or more districts to an existing district; and for enlarging districts containing the whole or part of a city, village or borough of 7,000 inhabitants or less, by the action of the county board. Chapter 238 provides the procedure for consolidating two or more districts into a new district; for annexing one or more districts or unorganized territory to an existing district having a state high,

graded or semi-graded school, and for consolidating one or more districts with an existing district containing an incorporated village, and having a state high, graded or semi-graded school, by the action of the voters of the whole or a part of such districts. The procedure provided by chapter 238 is entirely different from that provided by section 2677, and the two acts overlap. But there is nothing in the later act indicating an intention to abrogate any part of the former act, and nothing to the effect that the consolidations and annexations therein provided for shall be accomplished only in the manner therein provided. It cannot be construed as repealing any part of the former act, and must be deemed an auxiliary and cumulative act, and as merely providing additional methods for consolidating such school districts as come within its purview. That such was its purpose and effect has not been questioned heretofore, and has been taken for granted by both the parties and the court in several cases. See School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; Independent School District No. 47 v. Meeker County, 143 Minn. 169, 173 N. W. 850; Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101; Paulson v. Board of Co. Commrs. of Yellow Medicine County, 147 Minn. 7, 179 N. W. 217; Severts v. County of Yellow Medicine, 148 Minn. 321, 181 N. W. 919; State ex rel. School District No. 19 v. County of Mower, 150 Minn. 163, 184 N. W. 791.

Judgment affirmed.