## FRED H. ROLF v. TOWN OF HANCOCK.[1]

April 30, 1926.

No. 25,183.

**Vacating a public highway by local governing body.**

1. The question whether a public highway should be vacated is legislative. The determination of the local governing body cannot be disturbed unless its act is arbitrary or oppressive or fraudulent or manifestly against the best interests of the community.

**Action of town board sustained.**

2. Under the evidence the act of a town board in vacating a highway was within its legislative discretion.

Constitutional Law, 12 C. J. p. 853 n. 15.
Highways, 29 C. J. p. 518 n. 21; p. 526 n. 6; p. 531 n. 54, 56 New.

---

See note in 26 L. R. A. 824; 13 R. C. L. 67; 3 R. C. L. Supp. 8, 4 R. C. L. Supp. 797; 5 R. C. L. Supp. 685.

[1]Reported in 208 N. W. 757.

Fred H. Rolf appealed to the district court for Carver county from an order of a town board vacating a highway. He again appealed to this court from an order, Tifft, J., denying his motion for a new trial. Affirmed.

*P. W. Morrison*, for appellant.

*Odell & Fahey*, for respondent.

DIBELL, J.

Fred H. Rolf appealed to the district court of Carver county from an order of the town board of Hancock vacating and discontinuing a highway. At the trial the court submitted the following question to the jury:

"Did the town board of the town of Hancock, Carver county, Minnesota, act arbitrarily, oppressively and against the best interests of the public in making the order under date of October 6th, 1924, vacating and discontinuing the public highway mentioned and described in the proceedings herein?"

At the close of the trial the court directed an answer in the negative. Rolf appeals from the order denying his motion for a new trial.

1. The appeal is authorized by G. S. 1923, § 2588. If there was evidence justifying a finding contrary to that directed by the court there was error; if not, the trial court's direction was right. This is the only question.

The question whether a public highway should be vacated is legislative, one of policy. Under our Constitution its determination cannot be committed to the courts. State v. Simons, 32 Minn. 540, 21 N. W. 750. But an act of a subordinate legislative body may be so arbitrary or oppressive or fraudulent, or so manifestly against the best interests of the community, so against common right, that courts will give an aggrieved party relief. In such cases, in the absence of a statutory appeal, relief has sometimes been sought by injunction. Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L. R. A. 448; Bennett v. Beaty, 156 Minn. 293, 194 N. W. 627. The statute, by the appeal which it authorizes, confers juris-

diction; but it creates no substantive right. It does not make the act of the local governing body judicial. It affords a convenient method of attacking it if invalid within the tests stated, and applied again and again in appeals from orders of county and town and school boards. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723; Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095; Sorknes v. Board, 131 Minn. 79, 154 N. W. 669; School District v. School District, 134 Minn. 82, 158 N. W. 729; Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152; Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Froehling v. Ind. School Dist. 140 Minn. 71, 167 N. W. 108; Hall v. Board, 140 Minn. 133, 167 N. W. 358; Common School District v. County of Renville, 141 Minn. 300, 170 N. W. 216; Paulson v. Board, 147 Minn. 7, 179 N. W. 217; Sartell v. County of Benton, 149 Minn. 233, 183 N. W. 148; Severts v. County of Yellow Medicine, 148 Minn. 321, 181 N. W. 919.

It is suggested that members of the town board had preconceived views as to the propriety of vacating the highway and that the question of vacation was an issue in the town election. The question of legislative or administrative policy may be made an issue before the voters. Often it is. The officers elected need not have the unbiased attitude of jurors, nor are they elected as judges. Reference is made to Sartell v. County of Benton, 149 Minn. 233, 183 N. W. 148. There mention was made that one of the county commissioners, acting in the matter of the change of boundaries of a school district, signed a remonstrance; and it was said that he was not in a position to maintain a judicial poise. It is unfortunate if the language used carries the thought that a member of an elective board is disqualified because of interest, actual or sympathetic. His attitude may be shown in applying certain features of the recognized test of validity or invalidity; but the final question is one of result rather than motive. See Bennett v. Beaty, 156 Minn. 293, 298, 194 N. W. 627.

2. The highway ran north and south two miles on a section line, and was established a year and a half before the vacation. A half mile at the north, which included a theretofore established cartway, was not vacated. This was the only portion which had been im-

proved. There was evidence that it would cost $15,000 or $20,000 to build the road. There was evidence that it would cost much less. There were other roads in the town needing grading and graveling. There was a section line road one mile east and another a mile west. The vacated road would serve the convenience of some residents near the south end in reaching their church and school north of the township line. It was not of substantial, if any, advantage in reaching a market town or a public school. There were doubtless conveniences to the general public of the town, and of the community in general, in having the road open. Any public road is of service to those who would use it occasionally or frequently. This one, if improved, would have been of public use. It was a fair case for legislative judgment whether the road should be vacated or left open. So far as can be seen from the record the town board, in the exercise of a proper legislative discretion, might have determined it either way. A finding of the jury contrary to that directed could not be sustained.

Order affirmed.