IN RE APPEAL OF CONSOLIDATED SCHOOL DISTRICT NO. 16, BLUE EARTH COUNTY, FROM ORDER OF COUNTY BOARD DETACHING TERRITORY.[1]

March 7, 1930.

Nos. 27,631, 27,632.

[1]Reported in 229 N. W. 585.

C. A. Johnson, for appellant-petitioners.

S. B. Wilson, Jr. for Consolidated School District No. 16, respondent.

OLSEN, C.

Two appeals from orders denying motions for new trials. The orders also deny certain amendments to findings of fact and conclusions of law.

The county board of Blue Earth county granted two petitions of landowners to-detach their lands, aggregating 480 acres, from consolidated school district No. 16 and to attach said lands to independent school district No. 19, all in said county. The two districts will be referred to as district 16 and district 19. Appeals were taken to the district court and the two appeals tried together. The court submitted to the jury in each appeal the following question:

"Was the action of the board of county commissioners either arbitrary, oppressive or fraudulent, or was such action in unreasonable disregard of the best interests of the territory affected or such as to work manifest injustice?"

The jury answered "Yes" in each case. The court adopted the answers so made and reversed the order of the county board as to each petition.

The verdicts of the jury and the findings and conclusions of law of the court based thereon are challenged on the ground that there is no evidence to sustain them.

The lands set off from district 16 by the county board adjoin district 19. District 16 is a large consolidated district containing

19,588 acres of land. District 19 is also large, containing some 8,320 acres. District 16 has within it a small unincorporated village or hamlet where its schoolhouse is located. District 19 has within it the incorporated village of Lake Crystal, having a population of some 1,200 people, wherein its schoolhouse is located. The lands in the two districts, outside of the villages, are improved and occupied farms. The assessed valuation of the property in district 16 for 1928 was $719,983, and in district 19, $792,594. The assessed valuation of the lands proposed to be set off was $14,252. The general school tax rate for that year in district 16 was 27.8 mills and in district 19, 27.7 mills. Each district has a modern school building and substantially equal educational equipment and facilities. The distance from the lands offset to the schoolhouse in district 19 is slightly less than the distance to the schoolhouse in district 16. The roads therefrom to the school in district 19 are as good or somewhat better than the roads to the school in district 16. The school children residing on the lands offset have for several years last past attended and now attend the school in district 19. The occupants of these lands do their marketing and trading in Lake Crystal. One of the landowners of a part of the lands offset resides in Lake Crystal and is an officer of school district 19. Both districts furnish transportation to school children situated as are the children on these lands.

There is here no claim that the county board acted arbitrarily, fraudulently, or upon any erroneous theory of law. The most that is claimed is that district 16 will lose a comparatively small amount of taxable property by detaching these lands. Hence it is claimed that the action of the board is in unreasonable disregard of the best interests of the territory affected and results in manifest injustice.

It is well settled by our decisions that the action of a county board in detaching land from one school district and attaching it to another is legislative in character and that the courts cannot review the discretionary action of the board in that regard. The courts can interfere only when it is clearly shown that the action of the board was arbitrary, oppressive, or fraudulent, or that it

acted upon an erroneous theory of law or in unreasonable disregard of the best interests of the territory affected so as to result in manifest injustice. Sorknes v. Board of Co. Commrs. 131 Minn. 79, 154 N. W. 669; School Dist. No. 36 v. School Dist. No. 31, 134 Minn. 82, 158 N. W. 729; Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152; Froehling v. Independent School Dist. No. 20, 140 Minn. 71, 167 N. W. 108; Hall v. Board of Co. Commrs. 140 Minn. 133, 167 N. W. 358; Common School Dist. No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; Consolidated School Dist. No. 24 v. Stark, 144 Minn. 431, 175 N. W. 898; Paulson v. Commrs. of Yellow Medicine County, 147 Minn. 7, 179 N. W. 217; Severts v. County of Yellow Medicine, 148 Minn. 321, 181 N. W. 919; Packard v. County of Otter Tail, 174 Minn. 347, 219 N. W. 289; School Dist. No. 37 v. County of Yellow Medicine, 174 Minn. 380, 219 N. W. 456.

Both districts have outstanding bonds issued for the building of schoolhouses.

There is evidence that district 16 built an expensive schoolhouse; that the maintenance of its school is necessarily expensive; and that by detaching these lands there would result, at the present rate of taxation, a loss of about $400 in annual revenue, which would have to be made up by increase in the tax rate. That item, spread over its remaining valuation of more than $700,000, is so small as to be almost negligible. The present tax rate for school purposes in the district does not indicate that the district is or will be excessively taxed. As to taxes for payment of bonds and interest, the lands detached will continue to pay such taxes for all outstanding bonds of district 16. What one district loses is gained by the other. When considering the question whether the county board acted in unreasonable disregard of the interests of the territory affected the territory of both districts must be taken into account. School Dist. No. 36 v. School Dist. No. 31, 134 Minn. 82, 158 N. W. 729. In that situation it is a matter wholly within the discretion of the county board as to whether any such small change in taxation in the two districts is ground either for granting or refusing a petition of this kind. The cases of Sorknes v. Board of Co. Commrs. 131 Minn. 79,

154 N. W. 669; Common School Dist. No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; and Severts v. County of Yellow Medicine, 148 Minn. 321, 181 N. W. 919, already cited, sufficiently show that such slight change in the tax rate is not a sufficient ground for reversing the orders of the county board.

The case of Packard v. County of Otter Tail, 174 Minn. 347, 219 N. W. 289, is readily distinguishable on the facts from the present case.

We are mindful of the rule governing this court in reviewing verdicts and findings of fact by the trial court, but are unable to sustain these verdicts and the findings based thereon on any reasonable theory of the evidence. Whether there is any evidence to sustain a verdict or a finding is a question of law which this court has the burden of deciding when presented on appeal. We find no such evidence in this record.

Other errors assigned do not call for special consideration.

The matter has been fully tried out and a new trial would be an unnecessary expense. The orders appealed from are reversed and the cause remanded to the district court with directions to amend its findings of fact and conclusions of law in conformity herewith and to cause judgment to be entered affirming the order of the county board detaching the lands of the petitioners from district 16 and attaching them to district 19.

WILSON, C. J. took no part.