### WILLIAM L. CAVERT v. BOARD OF COUNTY COMMISSIONERS OF RENVILLE COUNTY.[1]

November 10, 1922.

No. 23,058.

**Action of county board arbitrary in refusing to detach farm from village.**
    William L. Cavert petitioned the board of county commissioners to detach his farm from the village of Bird Island. The board denied the petition. The district court reversed the action of the board and granted the petition on the ground that under the established facts

[1]Reported in 190 N. W. 545.

the statute gave Cavert the right to have his farm detached from the village. *Held* that the conclusion of the court is sustained by the record.

William L. Cavert petitioned the board of county commissioners of Renville county for an order detaching his farm from the village of Bird Island. From an order of the board denying the petition, he appealed to the district court for that county where the appeal was heard by Qvale, J., who made findings and reversed the order of the board and ordered that the farm be detached from the village. From an order denying its motion for amended findings and conclusions or for a new trial, the county appealed. Affirmed.

*Murray & Baker*, for appellant.

*Lauerman & Keith* and *L. D. Barnard*, for respondent.

TAYLOR, C.

The village of Bird Island in Renville county comprises the south half of sections 11 and 12 and all of sections 13, 14, 23 and 24 in township 115 of range 34, being a rectangular tract of land 2 miles in width east and west and 2½ miles in length north and south containing 3,200 acres. The settled and platted portion of the village is located in the central part of this tract. William L. Cavert is the owner of the southeast quarter of section 11, an improved farm of 160 acres, which is and always has been used exclusively for agricultural purposes, and the southern boundary of which is 80 rods north of the northern boundary of the platted and settled portion of the village. In February, 1921, Cavert presented a petition to the board of county commissioners, under section 1231, General Statutes of 1913, as amended by chapter 421, p. 495, of the Laws of 1919, to have his farm detached from the village. The board made an order denying the petition and Cavert appealed to the district court. The district court reversed the order of the board and directed that judgment be entered detaching the land from the village. The village appealed.

It is conceded that the proceedings were regular in form in all respects and that a full and complete hearing was had before the

board of county commissioners at which both parties were represented by counsel.

The statute provides:

"If the board of county commissioners shall find that said land is owned by the petitioner and is used solely for agrcultural purposes and that the same may be so detached from said village without unreasonably affecting the symmetry of the settled portion thereof, and that the same is so conditioned as not properly to be subjected to village government or is not necessary for the reasonable exercise of the police powers or other powers or functions of such village, such board of county commissioners shall make an order detaching such land from said village."

The court made full and complete findings of fact and, among other things, lfound that Cavert is the owner in fee of the land; that it constitutes an improved farm and is and always has been used solely and exclusively for agricultural purposes; that it is so located that it may be detached from the village without in any manner affecting the symmetry of the settled portion thereof; that it is so located that it cannot be appropriately regulated or governed by any village government and is so conditioned as not properly to be subjected to village government; that it is not necessary either for the reasonable exercise of the police powers or of any other powers or functions of said village; and that the evidence presented to the board of county commissioners, at the hearing before that body, "conclusively established all the facts above detailed despite which the said board failed and' refused to so find and in disregard of the proof thus made said board denied said petition."

Appellant asserts that "the jurisdiction of the court below in an appeal of this kind is limited to the question of whether the determination of the county board is arbitrary, fraudulent, oppressive and unjust."

We shall assume, for the purpose of this appeal, that appellant's assertion is correct. The statute required the board to make an order detaching the land from the village if it found that the prescribed facts existed. The court found that the evidence before

the board conclusively established all of these facts, and that the board nevertheless refused to make the order and denied the petition. While the court did not use the term "arbitrary" in characterizing the action of the board, the facts found by the court, if sustained by the evidence, show beyond question that the action of the board was in fact arbitrary, oppressive and unjust. So that the real question presented is whether the findings olf the court set forth above are sustained by the evidence. The fact that Cavert is the owner of the land and that it is an improved farm used solely for agricultural purposes is admitted. That it may be detached without affecting the symmetry of the settled portion of the village is obvious from the plat in evidence and from the fact that the northern boundary of both the settled and platted portion of the village is 80 rods south of the southern boundary of the farm. There is no claim that having this land within the village limits will facilitate in any way the exercise of any of the powers or functions of the village. And there is no suggestion that his farm is in any respect urban in character, nor that anything in its condition or situation would justify subjecting it to any other or different governmental control than is exercised over the other improved farms of the county. We find the conclusions of the learned district court amply sustained by the record, and the order denying a new trial is affirmed.