ROSALIE F. BENNETT v. ELLEN BELLE BEATY
AND OTHERS.[1]

July 13, 1923.

No. 23,448.

**Authority of St. Cloud city commission over street spaces.**
1. The home rule charter of the city of St. Cloud vests the control of the streets in the city commission, consisting of the mayor and two commissioners. As such the commission has full power to fix curb, sidewalk, driveway and boulevard space in the streets.

**Considerations which may affect its decision.**
2. In so doing the commission may consider how the abutting property is affected and give the owners thereof as much benefit and use of the street as may be consistent with the public easement therein. In fixing such space it was not improper to take into account that one owner had obtained title to part of the street by prescription.

**Courts may not control its decisions ordinarily.**
3. The courts may not control the judgment and action of the commission in designating what part of a street shall be a roadway and what part a boulevard unless it has acted arbitrarily, oppressively and against public interest.

**Findings not sustained by evidence.**
4. The findings that the commission so acted are not sustained by the evidence.

[1]Reported in 194 N. W. 627.

Findings as to damage to plaintiff not sustained.

    5. Nor is the finding supported that plaintiff has sustained damages by the location of the curb line on the other side of the street from her property.

Action in the district court for Stearns county to compel the commissioners of the city of St. Cloud to surrender possession of a certain street therein and to enjoin them from establishing a boulevard on either side of Third street wider than 6 feet. The case was tried before Roeser, J., who at the close of the testimony denied separate motions of defendants to dismiss the action, made findings and enjoined defendants from establishing a boulevard line with less than 30 feet roadway, unless with the consent in writing of abutting landowners and with enough space at the end to turn. From an order denying their motion for a new trial, the defendants and substituted defendant appealed. Reversed and new trial granted.

    *J. D. Sullivan* and *R. B. Brower*, for appellants.

    *James R. Bennett, Jr.*, and *Donohue & Quigley*, for respondent.

HOLT, J.

The city of St. Cloud operates under a home rule charter. Its governing body consists of three persons, called the city commission, whose powers in regard to streets are thus conferred: "The Commission shall have power to care for, supervise and control, to name and re-name, to lay out, alter, widen, extend, straighten and narrow, to open, construct, re-construct, build, re-build, maintain, repair and close to travel, to grade and re-grade, to curb, re-curb and gutter, to pave, re-pave and macadamize, to clean, park, beautify and otherwise improve, to cause the same to be done, at such times and in such manner as they deem proper, the highways, streets, alleys, bridges, culverts, parks, parkways, public squares and grounds within said city, or such portion of the same as they deem proper." Section 199, Charter.

In 1917, the commission by resolution fixed the curb line on Third street east of Third avenue at 10 feet from the lot lines, and permitted the sidewalk of 4 feet to be laid against the curb. In the fall of 1918 the commission by resolution changed the curb on the

north side of Third street so as to be in line with the curb of the same street west of Third avenue. This placed the curb 18 feet south of the lot line. A clerical error in the resolution was corrected by another resolution adopted in March, 1919. This change of the curb line on the north side of the street occasioned this lawsuit.

Third avenue, running north and south paralleling the west bank of the Mississippi river, is one of the best residence streets of the city. It is 80 feet wide, and has a paved roadway of 36 feet between the curb. The boulevard or space between the curb and lot line is 22 feet wide on each side of the avenue. Third street crosses at right angles; the easterly end, terminating at the river bank, forms a cul-de-sac. It was dedicated as a street to the width of 66 feet.

Some years ago plaintiff acquired by warranty deed from the former owner a tract of land about 317 feet in length, extending from Third avenue to the river bank, and 132 feet in width, bordering the south line of Third street, as platted, with an additional strip 66 feet wide immediately south of and adjoining the easterly half of said first-mentioned tract. She also obtained from such owner a quitclaim deed to 18 feet of Third street adjoining the first-mentioned tract on the north. Thereafter she brought suit against the city to quiet her title to the 18 feet strip of the public street, on the ground that her grantor had obtained title thereto by prescription. She prevailed, and a decree to that effect was entered in May, 1915. In the meantime, the defendants George Reis and Ellen Belle Beaty had become the owners of land north of Third street and east of Third avenue, on which, prior to 1917, each had erected a home. George Reis owned the easterly part, and his dwelling fronted on Third street, his only outlet, the front porch being 6 or 8 feet from the lot line. Mrs. Beaty's home fronted on Third avenue. She had a garage in the rear with a driveway from Third street.

It appears that, when Third avenue was paved, the curb thereon was extended around the corners of intersecting streets, thereby indicating the curb lines on such streets. The engineer who so outlined the curb at Third street, evidently, had no knowledge of plaintiff's claim of ownership of any part of the street, hence such curb

indicated a roadway 22 feet in the center of the street as platted, with a boulevard on each side of 22 feet. After erecting their buildings, Reis and Beaty applied to the city engineer for the line to put in cement curb. The then engineer staked out the line as so indicated 22 feet south of their lot line. The curb and sidewalk was put in by Mrs. Beaty. This aroused opposition from plaintiff and her husband. The commission sought to settle the controversy by the first resolution mentioned, and afterwards by the second and third.

Plaintiff was not satisfied and brought this action to permanently enjoin the commission from establishing a boulevard on either side of Third street of a greater width than 6 feet. The court made findings to the effect that the space of 20 feet between the curbs for a roadway, as established by the commission, was entirely inadequate for public travel, and would damage plaintiff's property without compensation; "that the action of the commission in thus appropriating said north strip of 18 feet of said street to private use and in narrowing said street for public travel was not and is not in the exercise of an honest judgment or discretion, but was prompted by ill will towards the plaintiff, and was arbitrary and unreasonable, and without lawful authority, and in utter disregard of the rights of the public in this street and the rights of this plaintiff." As a conclusion of law the court enjoined the city and its officers from establishing a boulevard line which would leave less than 30 feet for a roadway and enough at the end for turning around in. From the order denying a new trial the city and Reis and Beaty appeal.

In our judgment the record fails to support the above findings and conclusions. The administrative and legislative powers of the commission in respect to city streets are clearly ample to fix curb lines, determine width of driveways and locate the same, and designate sidewalk space. As to those matters the court may not substitute its judgment for that of the commission. The latter is a purely administrative or legislative body, whose duties the court has no authority to direct or meddle with, except where there has been a departure from the procedure required by law, or its action is proven clearly arbitrary, oppressive or unjust and against public interest. And then the court's function is only to reverse; it may

not fix the limits of the legislative or administrative body's judg-ment or discretion, as was done in this case.

That part of Third street here involved is a stub street or cul-de-sac, accommodating these 3 property owners and that small part of the public having occasion to visit those who may reside in dwellings accessible only by means of this part of the street. An owner of property abutting a public street owns the land to the center of the street as dedicated, subject only to the public easement. It has always been recognized that, except as needed for travel and public use, the owner may use, beautify and enjoy the street. He usually plants trees and cares for the boulevard in summer, and may be made to keep the sidewalk free from snow in winter.

So here, we think, the commission was justified in considering the benefit the width of the boulevard would give the adjoining property. Nor was there impropriety in giving weight to the fact that Reis and Beaty had built with reference to curb lines already indicated by the city, and had expended money for curb and sidewalk on lines staked out by the city engineer. And we fail to see how the commission could ignore the fact that the sole occasion for any break in the uniformity of the lines for curb and sidewalk on either side arose from plaintiff's absorption by prescription of part of this public street. Such acquisition of public property does not appeal to the average citizen, and the owners on the other side of the street ought not in justice to suffer on that account unless public necessity so requires. Rightfully, the commission also considered the use which Reis and Beaty as well as plaintiff could make of their properties, and they and the public be served with a 20-foot driveway. Plaintiff placed an expert real estate dealer on the stand who testified that, to make the best use of plaintiff's property, a driveway should be established on the southerly side thereof from Third avenue to the river bank, and thence north to Third street. The expense of paving is another factor which justifies a narrow driveway in this stub street. If the private driveways, which of necessity must open into this street, should plaintiff erect buildings fronting thereon without establishing the driveway her expert witness suggested, will not afford adequate facility for vehicles to turn around

in, it is not difficult for the commission to arrange the curb on the easterly 40 or 50 feet of the street so as to give the full width between lot lines for a turning space. Few vehicles can be turned in a 30-foot roadway. We can see nothing in the action of the commission that savors of arbitrariness, oppression or injustice either to the owners involved or to the public. On the contrary, the commission not only appears to have made painstaking efforts to satisfy both parties, but examined the ground and consulted the city engineer as to the most feasible plan to establish curb and sidewalk lines on a stub street, disfigured and disproportioned by plaintiff's part acquisition thereof.

There being no support for the finding that the commission acted arbitrarily, oppressively or unjustly, it matters little whether illfeeling prompted any of its members. However, it may be said that every member earnestly asserted that the curb lines were fixed in accordance with his best judgment after considering, what we hold to be, the proper factors in the case, and that no ill-will or malice whatever actuated him. In our opinion, a finding to the contrary is not justified by this record.

In order to reverse the action of a legislative or administrative body of this sort, where an appeal or review by a court is provided, the only question for the court is whether the body "acted arbitrarily and in disregard of the best interests of the public, or upon an erroneous theory of the law, or whether the evidence is practically conclusive against the order." Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Sartell v. County of Benton, 149 Minn. 233, 183 N. W. 148; Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L. R. A. 448. In the last mentioned case the trial court's finding that the council acted arbitrarily was held not sustained. Insofar as the public is concerned, there is no reason to think that a 20-foot driveway is inadequate or dangerous. Nor is the public complaining. Plaintiff, in view of what has occurred, can hardly be taken as the defender or champion of the public as to streets. No less stringent limitations upon courts than those above stated, with relation to direct reviews of the action of legislative and administrative bodies, can obtain in actions like the present. Indeed, it

is doubtful whether an injunction lies at all for plaintiff's alleged grievance. Vanderburgh v. City of Minneapolis, 93 Minn. 81, 100 N. W. 668; Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741.

That the commission was well within its authority and sphere in establishing curb lines and boulevard space was accepted law in McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022, 83 Am. St. 428, where it is said [at page 315]:

"The right of a municipality to determine within reasonable limits what part of a street in a residence district shall be set apart for the roadway for travel of all kinds * * * and what part for boulevards with grass, trees, and flowers planted thereon, is now undoubted. There are adjudged cases, decided in the early history of municipalities, when the stern taste and asceticism of the times could see no other use for a public street than a means of getting from one place to another, which are not in harmony with the rule we have stated. But in this state streets are laid out or dedicated for many purposes other than the accommodation of public travel in the ordinary way. They are intended for the purpose of furnishing light and air, and in the residence districts for boulevarding portions of them, thereby adding to the beauty of the city, and contributing to the health and happiness of its citizens. Of course, the primary purpose of a street is to accommodate public travel, but whenever any portion of a street not used for business purposes can be set apart for park or boulevard purposes without any substantial impairment of such primary purpose, the municipality may set apart such portion for boulevards and other similar public purposes."

To the same effect is Yanish v. City of St. Paul, 50 Minn. 518, 52 N. W. 925; Munger v. City of St. Paul, 57 Minn. 9, 58 N. W. 601. The condition of the boulevard is at all times under the control of the commission as to planting, grading and care. Nor is the location of the curb line or sidewalk irrevocably fixed. Changed conditions may necessitate a change therein.

Plaintiff seems to labor under the impression that the commission has vacated or surrendered to the abutting owners a part of the street between the lot line and the sidewalk. Under our present statute no prescriptive right may be gained in a public street. G. S. 1913, § 7695. The resolutions fixing the curb and sidewalk lines do not purport to vacate, set over or give any rights to the owner in any part of the street. The many authorities cited by respondent covering attempts to grant rights to use or obstruct streets have no application, and need not be referred to or reviewed. No doubt cases like St. Vincent Female Orphan Asylum v. City of Troy, 76 N. Y. 108, 32 Am. Rep. 286, and Smith v. McDowell, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393, state good law. It is plain that there was here no vacation or surrender to the abutting owners of any of the public easement in the street.

The court fund that the fixing of the curb line by the commission damaged plaintiff's property for which no compensation was awarded. It is difficult to see any reasonable basis for such finding. She does not complain that fixing the curb line 10 feet north of the 18 feet she acquired by prescription damaged her property. She was satisfied with the first resolution so fixing that curb line. The second and third resolutions did not alter that line. By the later acts of the commission the curb line on the opposite side of the street alone was altered. Plaintiff was not thereby deprived of the light and air of any part of the street up to defendants' lot lines. The best qualified and most experienced expert witness of plaintiff could see no damage to plaintiff's property. And, even if damage be conceded, the court was not warranted in enjoining or annuling the action of the commission, for she then has her action therefor. Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741.

Appellants Reis and Beaty claim that they are not properly parties to this action. There is force in the claim, especially since the conspiracy alleged against them was wholly unproven. But, in view of the conclusions already expressed, it is not necessary to consider that question.

The order appealed from is reversed and a new trial granted.