IN RE APPLICATION OF DEWEY T. MILLER.[1]

December 31, 1926.

No. 25,636.

Case followed.

1. Decision controlled by Cavert v. Board of County Commissioners, 153 Minn. 360.

Detachment of land from village petitioner's legal right when he proves the required facts.

2. The statute makes mandatory the detachment from a village of the lands of a petitioner upon proof of stated facts. That is a declaration not only of legislative policy but also of explicit law. Hence if a petitioner establishes the required facts and the county board notwithstanding denies the petition, the decision must be considered against the best interests of the territory affected, within the meaning of the provision allowing an appeal upon that ground.

Municipal Corporations, 28 Cyc. p. 194 n. 5; p. 207 n. 2.

Appeal by the board of county commissioners of Dodge county from an order of the district court for Dodge county, Senn, J., denying their motion for a new trial. Affirmed.

*Samuel Lord, Jr.,* and *John Swendiman, Jr.,* for appellant.

*C. D. Simpson,* for respondent.

STONE, J.

Proceeding under c. 177, p. 201, L. 1923 (§ 1120½, G. S. 1923), for the detachment of agricultural land from the village of Dodge Center. The county commissioners denied the petition. On appeal

[1]Reported in 211 N. W. 578.

to the district court there was a reversal and judgment was ordered that the land be detached as prayed for. This appeal is by the board of county commissioners of Dodge county from the order denying their motion for amended findings or a new trial.

The facts need not be gone into in detail. The statute is quoted and considered in Cavert v. Board of Co. Commrs. of Renville County, 153 Minn. 360, 190 N. W. 545. The controlling facts have been found for the petitioner as they were in that case. Here the finding concerning what was done before the county board is that all the facts found "were put before the board * * * and were made to appear by the evidence." Hence the Cavert case controls and the order appealed from must be affirmed.

The statute provides for an appeal upon three grounds, namely: (1) That the county board had no jurisdiction; (2) that it exceeded its jurisdiction; and (3) that its action is against the best interests of the territory affected. It is true that the problem is in essence a legislative one. But here the legislature has solved it to the extent of making the detachment of his lands a matter of legal right if the petitioner establishes the facts required by the statute. That is a declaration not only of legislative policy but also of explicit law, disobedience of which must be held to be against the best interests of the territory affected within the meaning of the controlling statute.

Order affirmed.