# NEW YORK LIFE INSURANCE COMPANY v. VILLAGE OF MAPLETON.[1]

October 7, 1932.

No. 28,952.

*S. B. Wilson, Jr.* for appellant.
*U. G. Argetsinger,* for respondent.

HILTON, J.

The village of Mapleton, hereinafter referred to as the village, was incorporated by virtue of Sp. L. 1878, p. 170, c. 20. The New York Life Insurance Company, hereinafter referred to as the company, is the owner of unplatted agricultural land (74.56 acres) within the corporate limits of the village. It is admitted that said land is occupied and used solely for agricultural purposes; no part thereof is within 20 rods of the platted portion of the village but is approximately 170 rods therefrom; said land may be detached from the village without unreasonably affecting the symmetry of the settled portion thereof and is not at present necessary for the exercise of the police powers or other powers or functions of the same. The village contains approximately 1,920 acres of land and has a population of about 862 persons.

The company filed a petition pursuant to the provisions of G. S. 1923 (1 Mason, 1927) § 1120½, with the board of county commis-

[1] Reported in 244 N. W. 553.

sioners of Blue Earth county, asking for a detachment of the land from the village. The village appeared specially, and its motion for dismissal of the petition was granted by the county board on the ground that the petition did not conform to the provision of law governing and applicable to the village and conferred no jurisdiction on the county board. An appeal was taken to the district court; a complaint, answer, and reply were interposed raising the sole question whether the provisions of said § 1120½ were applicable to the village. From a judgment dismissing the appeal and awarding costs and disbursements amounting to $15.85 against the company this appeal was taken by it.

Section 1120½, by its terms applicable to *any* village in Minnesota having a designated required population and area, provides:

"If the board of county commissioners shall find that said land is owned by the petitioner and is used solely for agricultural purposes and that the same may be so detached from said village without unreasonably affecting the symmetry of the settled portion thereof, and that the same is so conditioned as not properly to be subjected to village government or is not necessary for the reasonable exercise of the police powers or other powers or functions of such village, such board of county commisioners *shall* make an order detaching such land from said village  *  *  *."

The above recited conditions exist. It is to be noted that the section is mandatory. If it is applicable to the village the county board should have granted the petition. Cavert v. Bd. of Co. Commrs. of Renville County, 153 Minn. 360, 190 N. W. 545; In re Application of Miller, 169 Minn. 406, 211 N. W. 578.

The special law hereinbefore referred to authorized the incorporation of the village under L. 1875, p. 170, c. 139, and it was operated thereunder until that chapter was superseded by L. 1885, p. 148, c. 145. The village contends that it is governed by said L. 1885, p. 148, c. 145, and the amendment thereto, L. 1895, p. 284, c. 132, because it was never reorganized under R. L. 1905, c. 9, §§ 698, 699, and amendments thereto. This contention of the village was sustained by the trial court, which held that section

1120½ does not govern the village, but that on the contrary the detachment of agricultural land from within its limits is controlled exclusively by the provisions of L. 1885, p. 148, c. 145, as amended by L. 1895, p. 284, c. 132.

The 1875 law was general legislation providing for the organiza-, tion of villages; so was L. 1885, p. 148, c. 145. Neither contained a provision for the detachment from a village of unplatted agricultural lands. But L. 1895, p. 284, c. 132, amended the 1885 law and provided:

"Any territory within the corporate limits of any such village, whether the same is platted or not, may be taken out of such corporation and detached therefrom by petition of at least thirty (30) of the legal voters of such village, including the owner or owners of the land which is proposed to be detached, to the county commissioners * * *."

The company's contention is that L. 1895, p. 284, c. 132, and § 1120½ are coördinate and that a detachment of unplatted lands may be had under either.

G. S. 1923 (1 Mason, 1927) § 1109, which originally was R. L. 1905, § 698, provides:

"Until reorganized as provided in section 1110 the several villages and boroughs existing as such at the time of the taking effect of the Revised Laws under special legislative charter or under any general law, shall continue thereunder and in all things continue to be governed by such general or special laws; * * *."

R. L. 1905 did not provide for the detachment of village territory. A provision for such detachment is contained in L. 1909, p. 152, c. 138, which provision substantially now appears in § 1120½. The 1909 law does not state that it amended R. L. 1905; it was independent general legislation and, as far as the village was concerned, added an additional procedure for the detachment of agricultural lands from its limits.

The village contends that the revised laws, by excluding from the application thereof such villages as did not reorganize under it, in

effect changed L. 1885, p. 148, c. 145, and the amendment thereto, L. 1895, p. 284, c. 132, under which it was then operating, into special laws in so far as it was concerned, and that therefore, because the village did not reorganize under the revised laws, it is governed exclusively by L. 1885, p. 148, c. 145, and the 1895 amendment thereto. This contention is not tenable. The circumstance that the 1885 law and the 1895 amendment thereto were repealed by the revised laws except as to villages that did not reorganize under the revised laws is of no moment. They are still general laws. We do not then have before us the effect of a later general law upon powers previously granted under an earlier special law. State ex rel. Putnam v. Egan, 64 Minn. 331, 67 N. W. 77, and Phelps v. City of Minneapolis, 174 Minn. 509, 219 N. W. 872, are therefore inapplicable.

There has been no repeal of the provisions of L. 1895, p. 284, c. 132. It and § 1120½ are not inconsistent; both are applicable. Both are general laws and no special law is involved. By § 1120½ an additional mode of procedure is provided for. One desiring to have land detached from the village may proceed under either. See Corey v. Corey, 120 Minn. 304, 312, 139 N. W. 509; In re Enlargement of School Dist. No. 93, 155 Minn. 41, 192 N. W. 345; Borgerding v. Village of Freeport, 166 Minn. 202, 207 N. W. 309; State ex rel. Jarvis v. Craig, 100 Minn. 352, 111 N. W. 3; 1 Dunnell, Minn. Dig. (2 ed.) §§ 85a, 87.

We conclude that § 1120½ was cumulative and additional legislation, coördinate with the 1885 law as amended by the 1895 law, and that the company, having complied with its requirements, was entitled to a judgment detaching the lands involved.

Judgment reversed.

Wilson, C. J. took no part.