JOHN H. VAUBEL v. VILLAGE OF MAPLETON.[1]

June 14, 1935.

No. 30,369.

*Benjamin F. McGregor, H. L. & J. W. Schmitt,* and *Charlotte Farrish,* for appellant.

*Wilson & Wilson,* for respondent.

STONE, JUSTICE.

John H. Vaubel petitioned the county board of Blue Earth county for detachment of a part of his farm from the village of Mapleton. The board denied his petition but was reversed on appeal to the

[1]Reported in 261 N. W. 869.

district court. The village appeals from the order denying its motion for amendment in its favor of the findings and conclusions of law or for a new trial.

The population of the village is said to be 862 and its area 1,610.83 acres. As originally platted, it contained 12 quarter sections arranged in three rows from east to west, each containing four quarter sections. Heretofore there have been detached the two quarter sections in the northwest and southwest corners. Petitioner owns the fractional quarter in the northeast corner. His petition asked for the detachment of all of it except ten acres abutting the platted portion of the village west of his farm. That tract obviously was omitted from the petition because the statute prevents detachment of land within 20 rods of the platted portion of the municipality.

1 Mason Minn. St. 1927, § 1120½, limits the grounds of appeal to these:

(1) That the county board had no jurisdiction to act; (2) that it exceeded its jurisdiction; and (3) "that its action is against the best interests of the territory." Question is made whether, on appeal under that statute, the trial in the district court is a mere review of the decision of the county board or a trial *de novo*. The rule of the school district cases is invoked that the matter of establishing or changing municipal boundaries "is purely legislative" in nature and so beyond the orbit of judicial function. The result is that only "a limited jurisdiction" is conferred upon the courts by statute. The jurisdiction thus conferred is necessarily confined to an inquiry into the legality of the proceedings, the jurisdiction of the board whose decision is to be reviewed, and, as to the merits of the controversy, whether the decision in a particular case was fraudulent, arbitrary, or oppressive, or an unreasonable disregard of the best interests of the territory affected. Farrell v. County of Sibley, 135 Minn. 439, 440, 441, 161 N. W. 152. See also Sartell v. County of Benton, 149 Minn. 233, 183 N. W. 148, and cases cited. Even in those cases it will be found on close scrutiny that the result, the thing decided, was not that the character of the trial on appeal was limited, but only that the scope of inquiry was restricted.

Independent Sch. Dist. No. 47 v. Meeker County, 143 Minn. 169, 173 N. W. 850. Within the bounds so set, the trial on appeal is necessarily *de novo*. If the intention had been otherwise there would have been review by *certiorari* rather than retrial on appeal.

It is not the intention that the court should put itself in the place of the board, try the whole legislative question anew, and substitute its findings for those of the administrative or legislative board. That would be an unconstitutional delegation of legislative power to the courts. Hunstiger v. Kilian, 130 Minn. 474, 479, 153 N. W. 869, 1095. But the judicial questions submitted to the court on appeal are there litigated for the first time. Hence the trial simply must be one *de novo* within the limits of inquiry as fixed by the statute. While a review of the decision of the county board, it is not ordinarily a mere examination of that decision on the record of the board's proceedings. The latter are informal. The law requires nothing of formality. The usual course in the district court is by trial of the issues on evidence. There is nothing in the statute requiring that the evidence before the court be the same as that before the board. Before the latter there may have been no evidence. Anyway, there is seldom, if ever, any record of it. It is to be presumed, nothing appearing to the contrary, that everything worth-while presented to the county board by way of evidence or argument was adduced also in the trial before the district court. It is immaterial, therefore, that in this case the record does not disclose that there was presented to the district court the same evidence or all the evidence which was before the board.

■ Under the controlling statute the petitioner was entitled to have his lands detached if: (1) The land was owned by him; (2) used solely for agricultural purposes; and (3) "the same may be so detached from said village without unreasonably affecting the symmetry of the settled portion thereof"; and (4) "the same is so conditioned as not properly to be subjected to village government or is not necessary for the reasonable exercise of the police powers or other powers or functions of such village." 1 Mason Minn. St. 1927, § 1120½. If these conditions precedent exist and are established, the statute declares that the board "shall make an order

detaching such land from said village." That mandate (not present in the school district cases) is a declaration by the legislature that if the stated conditions precedent exist, a denial of the severance would be arbitrary and against the best interests of the territory affected. Thus the legislative part of the problem has been decided by the legislature, and both county boards and courts must comply. In re Application of Miller, 169 Minn. 406, 211 N. W. 578.

The facts having been found in favor of the petitioner upon adequate evidence, we have no alternative but to affirm the order under review.

So ordered.